

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 10, 1950

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-1114

Re: The basis for franchise taxes
under the submitted facts rel-
ative to the refinancing of an
outstanding indebtedness.

Dear Mr. Cavness:

You have requested our opinion with regard to the pay-
ment of franchise taxes and submit the following facts:

"A certain domestic corporation made the fol-
lowing borrowings from a commercial bank, giving
its notes therefor:

| | |
|---|---|
| August 9th, 1946 | $ 100,000.00 |
| October 19th, 1946 | 100,000.00 |
| February 25th, 1947 | 100,000.00 |
| March 1947 | 105,000.00 |
| Total | 405,000.00 |

All of the above indebtedness bore maturity dates in
excess of one year from the dates incurred, and was
correctly reported for Franchise Tax purposes.

"On November 6th, 1947 the above notes were
refinanced with an Insurance Company and an addi-
tional $195,000.00 was obtained, making a total in-
debtedness of $600,000.00. The $195,000.00 repre-
sented new indebtedness at the time of refinancing.

"The total indebtedness was incorporated in
one note for $600,000.00 payable in monthly prin-
cipal installments of $5,000.00, the first of which
was paid on November 29th, 1947, leaving a bal-
ance outstanding at November 30th, 1947, the close
of the corporation's fiscal year, of $595,000.00."

Based upon these facts, your question is "whether the
payments should be prorated between the $405,000.00 indebted-
ness and the $195,000.00 indebtedness in the absence of any pro-
visions in the contract to that effect, or whether the entire $595,-
000.00 was subject to franchise tax on November 30th, 1947."

Article 7084, V.C.S., the statute involved in a determination of your question, prior to its amendment in 1949, provided in part:

"(a) Except as herein provided, every domestic and foreign corporation heretofore or hereafter chartered or authorized to do business in Texas, or doing business in Texas, shall, on or before May 1st of each year, pay in advance to the Secretary of State a franchise tax for the year following, based upon that proportion of the outstanding capital stock, surplus and undivided profits, plus the amount of outstanding bonds, plus the amount of outstanding bonds, notes and debentures, (outstanding bonds, notes and debentures shall include all written evidences of indebtedness which bear a maturity date of one (1) year or more from date of issue, and all such instruments which bear a maturity date of less than one (1) year from date of issue but which represent indebtedness which has remained outstanding for a period of one (1) year or more from date of inception, but which have been renewed or extended, or refinanced by the issuance of other evidences of the indebtedness, whether to the same or other parties. . ."

It should be noted that the first two $100,000.00 loans, borrowed on August 9, 1946, and October 19, 1946, respectively, were, at the time they were refinanced on November 6, 1947, outstanding for a period of one year or more from the date of their inception. The second two obligations, which amount to $205,000.00, were not outstanding for one year at the time of their refinancing on November 6, 1947. It should also be noted that all the indebtednesses in question bore a maturity date "of one (1) year or more from date of issue" at the time of their inception. The fiscal year of the corporation involved is from December 1 through November 30.

The $600,000.00 note, which includes $405,000.00 of old obligations and $195,000.00 of new obligations, is payable in monthly installments of $5,000.00 each, the first installment having been paid on November 29, 1947, prior to the fiscal year in question. Thus, at the close of the corporation's fiscal year on November 30, 1947, there was outstanding a note representing an indebtedness of $595,000.00. From the face of the note it is determined that during the fiscal year in question ten payments will be made, thus reducing the amount of the indebtedness at the end of the fiscal year in question to $545,000.-00. Your question concerns the taxability of the ten monthly installments paid during the fiscal year. If these payments are to be applied to the indebtedness which was not outstanding for one year or more prior to the refinancing or to the new obligations, they should

not be included in the amount used in computing the franchise tax. On the other hand, if these payments are to be applied to the oldest obligations, as you state the State Auditor and the Secretary of State have done in every such case in the past, the total taxable amount would be $595,000.00, the total amount of the obligation less the one payment made in the preceding fiscal year.

It should be noted also that no application of payments is provided for in the note itself or, so far as we know, in any other manner between the debtor corporation and the creditor insurance company. It is well settled that in the absence of an agreement for the application of payments between parties themselves, the law applies them to the oldest item then due. Hodges v. Price, 163 S.W.2d 868 (Tex. Civ. App. 1942, error ref.); Sullivan v. City of Galveston, 34 S.W.2d 808 (Comm. App. 1931). This rule, which is one of law as well as good business practice, has been denominated the "first-in first-out" rule. It is thus seen that the departmental interpretation which you and the Secretary of State have followed since the amendment of Article 7084 in 1941 to include refinanced obligations is in compliance with the settled law.

It is, therefore, our conclusion that the basis for determining the amount of tax liability of the corporation in question is an amount of $595,000.00. The entire amount of the $595,000.00 remaining at the start of the fiscal year in question is taxable as a written evidence of indebtedness bearing "a maturity date of one (1) year or more from date of issue," except for those amounts payable within a year. These latter amounts, when applied to the oldest indebtedness, make the note, in that amount, one which represents indebtedness which bears "a maturity date of less than one (1) year from date of inception, but which has been refinanced by the issuance of other evidences of the indebtedness, whether to the same or other parties..."

## SUMMARY

Where, as a result of corporate refinancing, an installment note represents indebtedness outstanding one year or more, indebtedness outstanding less than one year, and new indebtedness, payments made within one year from date of refinancing will be applied first to the oldest outstanding obligation represented by the new note in calculating franchise tax under Art.

7084, V.C.S., in the absence of a stipulation to
the contrary between the obligee and the obligor-
taxpayer, and the face amount of the note is taxable.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Everett Hutchinson
Executive Assistant

E. Jacobsen

Charles D. Mathews
First Assistant

Jesse P. Luton, Jr.
Assistants

E J:jmc:b